UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KENNETH ALLEN RUSSELL,

          Petitioner,          FILE NO. 1:06-CV-644

v.          HON. ROBERT HOLMES BELL

CAROL HOWES et al.,

          Respondent.
_____/

## OPINION ADOPTING REPORT AND RECOMMENDATION

This is an action for writ of mandamus filed pursuant to 28 U.S.C. § 1361. The matter was referred to the Magistrate Judge, who issued a Report and Recommendation ("R&R"), recommending that this Court deny the petition (docket #6). The matter presently is before the Court on Petitioner's objections to the R&R (docket #9). For the reasons that follow, Petitioner's objections are rejected and the R&R is adopted in its entirety as the opinion of this court.

I.

This Court reviews *de novo* those portions of an R&R to which specific objections are made. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). *See also U.S. Fidelity and Guar. Co. v. Thomas Solvent Co.,* 955 F.2d 1085, 1088 (6th Cir. 1992) (noting that a district court conducts *de novo* review of magistrate judge's rulings on dispositive motions); *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995) ("[A] general objection to a magistrate's report,

which fails to specify the issues of contention, does not satisfy the requirement that an objection be filed. The objections must be clear enough to enable the district court to discern those issues that are dispositive and contentious."). The Court may accept, reject or modify any or all of the Magistrate Judge's findings or recommendations. 28 U.S.C. § 636(b)(1).

Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A. The Court must read Petitioner's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Petitioner's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

## II.

The Magistrate Judge recommended the action be dismissed as frivolous. That recommendation was based on the content of the petition for writ, which constituted little more than a ten-page recitation of nonsensical legalese that apparently declared Petitioner exempt from the jurisdiction of the State of Michigan. On the basis of such gibberish, Petitioner sought release from his confinement with the Michigan Department of Corrections on convictions for absconding while on bond and second-degree criminal sexual conduct (CSCII).

As the Magistrate Judge noted, this Court lacks jurisdiction to issue writs of mandamus to direct state officials to conform their conduct to state law. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89 (1984); *Haggard v. Tennessee*, 421 F.3d 1384 (6th Cir. 1970. As a consequence, the Court may not maintain jurisdiction over Petitioner's claim under 28 U.S.C. § 1361. Instead, Petitioner's challenge to the fact or duration of his confinement may only be brought as a petition for habeas corpus relief under 28 U.S.C. § 2254. *See Preiser v. Rodriguez*, 411, U.S. 475, 484 (1973) (noting that the essence of habeas corpus is an attack by a person in custody upon the legality of that custody).

Petitioner has filed a document in response to the R&R entitled "Notice of Cancelation [sic] of Contract." Petitioner's submission will be construed as an objection to the R&R. That document, together with the "Statutory Abatement" attached to it, again recites quasi-legal gibberish and declares "I firmly reject this Civil Complaint being refused as Frivolous, . . . ." Petitioner's simple opposition to the Magistrate Judge's proposed result does not constitute a sufficiently specific objection to avoid waiver. *See Miller*, 50 F.3d at 380.

Petitioner further attempts to withdraw his signature on the form requesting leave to proceed *in forma pauperis*, apparently in an attempt to exempt his petition from the review mandated for pauper proceedings under 28 U.S.C. § 1915(e)(2). Even were such attempt to withdraw allowed at this juncture and in the absence of the payment of the full filing fee, the

action would be unavailing.  In light of Petitioner's status as a prisoner, the action would nonetheless be screened on the same grounds under 28 U.S.C. § 1915A.

Finally, the Court has fully reviewed the petition and the objections and finds no error in the Magistrate Judge's R&R.

### III.

Having considered each of Petitioner's objections and finding no error, the Court hereby denies Petitioner's objections, adopts the Report and Recommendation of the Magistrate Judge as the opinion of the Court, and dismisses the action as frivolous.

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3).  *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997).  For the same reasons that the Court dismisses the action, the Court discerns no good-faith basis for an appeal.  Should Petitioner appeal this decision, the Court will assess the $255 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Petitioner is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g).  If he is barred, he will be required to pay the $255 appellate filing fee in one lump sum.

This is a dismissal as described by 28 U.S.C. § 1915(g).

A judgment consistent with this opinion shall be entered.


Date:   November 3, 2006              /s/ Robert Holmes Bell
                                      ROBERT HOLMES BELL
                                      CHIEF UNITED STATES DISTRICT JUDGE